IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                              *
JAMES H. BOSTIC,
                              *
        Plaintiff,
                              *
        v.                            CIVIL NO.: WDQ-13-2731
                              *
UNITED STATES OF AMERICA,
                              *
        Defendant.
                              *
```

*    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION

James H. Bostic, *pro se*, filed a complaint under Federal Rule of Criminal Procedure 41(g) for the return of personal property forfeited to the United States under 21 U.S.C. § 881 as property derived from a violation of 21 U.S.C. § 801 *et seq.* (Controlled Substances Act) and other items. ECF No. 1. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the following reasons, Bostic's complaint will be dismissed in part as to certain property, and the remaining property claim will be resolved after supplemental briefing from the government.

I.   Background

    A.   2005 Arrest and Seizure of U.S. Currency

    On July 22, 2005, Baltimore police officers surveilling Bostic believed that a narcotics deal was about to occur.  ECF

No. 1-2 ¶¶ 8-9.  The officers approached Bostic and asked if he had any illegal narcotics on his person or in his car.  *Id.* ¶ 9. Bostic stated that he did not and "gave consent for a check." *Id.*  The officers found a plastic bag containing a white powder suspected to be cocaine during a search of Bostic's person.  *Id.* Bostic was arrested; a search incident to arrest found $4,095 in his wallet.  *Id.*; ECF No. 8-1 ¶ 5(a).[1]  After the officers read Bostic his *Miranda* rights, Bostic stated that he understood his rights and told the officers that he had money in the center console of his car.  ECF No. 1-2 ¶ 9.  The officers searched Bostic's car and found $9,320 in the center console.  *Id.* ¶ 10; ECF No. 8-1 ¶ 4(a).  The officers seized the U.S. Currency[2] as drug proceeds, and the Drug Enforcement Administration ("DEA") began administrative forfeiture proceedings.  ECF Nos. 8 ¶¶ 4-5; 8-1 ¶¶ 4(a), 5(a); *see also* ECF No. 1 ¶ 2.[3]

---

[1] ECF No. 8-1 is a declaration by DEA Forfeiture Counsel Vicki L. Rashid.  Exhibits attached to the declaration are cited as "Gov. Ex."

[2] The $9,320 and $4,095 will be collectively referred to as the "U.S. Currency."

[3] On July 25, 2005 Bostic posted $25,000 bail and was released from state custody.  *See* ECF No. 1-1 at 1.  On October 19, 2005, Bostic pled guilty to unlawful possession of a controlled substance in the Circuit Court for Baltimore City.  *Id.*

B.    Notice and Forfeiture of the U.S. Currency

On August 19, 2005, under 19 U.S.C. § 1607(a)[4] and 18 U.S.C. § 983(a),[5] the DEA sent written notice of the seizure of the $9,320 ("$9,320 notice") by certified mail, return receipt requested, to Bostic at 5904 Edna Avenue, Baltimore, Maryland 21214-1805 ("5904 Edna Avenue").  ECF No. 8-1 ¶ 4(b); Gov. Ex 1.[6] On August 22, 2005, the DEA sent written notice of the seizure of the $4,095 ("$4,095 notice") by certified mail, return receipt requested, to Bostic at 5904 Edna Avenue.  ECF No. 8-1 ¶ 5(b); Gov. Ex. 7.[7]

---

[4] Under § 1607(a), notice of the seizure of articles worth less than $500,000 must "be published for at least three successive weeks" and "[w]ritten notice of seizure together with information on the applicable procedures shall be sent to each party who appears to have an interest in the seized article." 19 U.S.C. § 1607(a)(2012).

[5] Section 983(a) governs the provision of notice of civil forfeiture proceedings and, *inter alia*, states the time by which interested parties must file a claim.  *See* 18 U.S.C. § 983(a) (2012).

[6] The $9,320 notice informed Bostic that he had 30 days to request remission or mitigation of the forfeiture, or until September 23, 2005 to file a claim contesting the forfeiture. Gov. Ex. 1.

[7] The $4,095 notice informed Bostic that he had 30 days to request remission or mitigation of the forfeiture, or until September 26, 2005 to file a claim contesting the forfeiture. Gov. Ex. 7.

On August 23, 2005, a person who signed "James Bostic" in the signature block of the return receipt accepted delivery of the $9,320 notice.  Gov. Ex. 2.  On September 6, 2005, a person who signed "James Bostic" in the signature block of the return receipt accepted delivery of the $4,095 notice.  Gov. Ex. 8.[8]

On September 6, 12, and 19, 2005, the DEA published notice of the seizure of the U.S. Currency in *The Wall Street Journal*. ECF No. 8-1 ¶¶ 4(d), 5(d); Gov. Ex. 5.  The published notices explained Bostic's right to seek remission (i.e., pardon) or mitigation[9] of the forfeiture or--by October 20, 2005--to file a claim.  Gov. Ex. 5.

On November 7, 2005, after the time for filing claims had expired--and no claims were received--the U.S. Currency was forfeited to the United States under 19 U.S.C. § 1609.  ECF No. 8-1 ¶¶ 4(e), 5(e); Gov. Ex's 6, 11.

---

[8] On September 21, 2005, notices of the seizure of U.S. Currency sent to Bostic at 14 Valley Lake Place, Apt. A, Cockeysville, Maryland, were returned unclaimed.  ECF No. 8-1 ¶¶ 4(c), 5(c); Gov. Ex's 3, 4, 9, 10.

[9] "A petition for remission or mitigation 'does not serve to contest the forfeiture, but rather is a request for an executive pardon of the property based on the petitioner's innocence....'" *Ibarra v. United States*, 120 F.3d 472, 475 (4th Cir. 1997) (*quoting United States v. Vega*, 72 F.3d 507, 514 (7th Cir. 1995)).

C.    2010 Arrest and Seizure of Personal Property

In February 2010, Bostic was again suspected of drug offenses. ECF No. 8 ¶ 17.  On February 2, 2010, officers executed a search warrant at 5904 Edna Avenue. *Id.*; ECF No. 1-3.[10]  A DEA "Receipt for Cash or Other Items" ("DEA Receipt") lists "bank statements, insurance papers, and miscellaneous documents" ("documents") among items seized from 5904 Edna Avenue. ECF No. 10-2.[11]

Also on February 2, 2010, Bostic was arrested after audio and video surveillance captured him buying cocaine from an unidentified "cartel representative" at a hotel. ECF No. 10-3.[12]

---

[10] DEA Officer Brian Shutt applied for the search warrant, which was issued by U.S. Magistrate Judge Beth P. Gesner. ECF No. 1-3.

[11] Special Agents Thomas Martin and Mara Hewitt inventoried the seized items. *See* ECF No. 10-2.  Bostic contends that officers also seized a white gold men's diamond wedding band ("wedding band") from his home, ECF Nos. 1 ¶ 4; 10 ¶ 11(C); however, the wedding band is not on the DEA Receipt.  The government construes Bostic's motion as seeking the return of a wedding band *and* white gold.  *See* ECF No. 8 ¶¶ 28, 36.  Although Bostic's motion is slightly unclear, *see* ECF No. 1 ¶ 4 ("1 Men's Wedding Band, White Gold") his reply states that he seeks the return of "one men's white gold diamond wedding band," ECF No. 10 ¶ 11(C).

[12] *See also United States v. Bostic*, Criminal Case No. WDQ-09-0333, ECF No. 1 at 2-3 (criminal complaint filed Feb. 3, 2010). When Bostic left the hotel room, he detected law enforcement, fled down a flight of stairs, and was arrested in the hotel

A search incident to arrest found, "among other things," a stainless steel Panerai Luminor Marina wristwatch ("wristwatch").  ECF No. 8 ¶ 17; 8-1 ¶ 6(a).[13]  The DEA seized the wristwatch and began administrative forfeiture proceedings. ECF Nos. 8 ¶ 18; 8-1 ¶ 6(a).[14]

    D.   Notice and Forfeiture of the Wristwatch

    On March 12, 2010, under 19 U.S.C. § 1607(a) and 18 U.S.C. § 983(a), the DEA sent written notice of the seizure of the wristwatch ("wristwatch notice") by certified mail, return receipt requested, to Bostic at 5904 Edna Avenue, 4707 Pilgrim

---

parking lot after "a foot pursuit with several law enforcement officers."  ECF No. 10-3.

On February 17, 2010, U.S. Magistrate Judge Susan K. Gauvey ordered Bostic detained pending trial.  *Bostic*, Criminal Case No. WDQ-09-0333, ECF No. 9.  On June 16, 2010, Bostic pled guilty to one count of conspiracy to distribute and possession with intent to distribute a controlled substance under 21 U.S.C. § 846.  *Bostic*, Criminal Case No. WDQ-09-0333, ECF Nos. 75, 76. [13] Bostic contends that officers also seized one pair of Fred prescription eyeglasses ("eyeglasses").  ECF Nos. 1 ¶ 3; 10 ¶ 11(B).  The February 3, 2010 criminal complaint prepared by Officer Shutt states that "a large hunting style knife and a large sum of U.S. Currency" were recovered from Bostic's person during the search incident to arrest, but does not mention the wristwatch or eyeglasses.  ECF No. 10-3; *Bostic*, Criminal Case No. WDQ-09-0333, ECF No. 1 at 3.

[14] The wristwatch had an estimated value of $5,600.  *See* Gov. Ex. 12.  According to the government, the eyeglasses, wedding band, and documents "were not referred to the DEA or any other federal government agency for administrative forfeiture."  ECF No. 8 ¶¶ 28, 36.

Road, Baltimore, Maryland ("4707 Pilgrim Road"), 2621 Victorian Drive, Dover, Pennsylvania ("2621 Victorian Drive"), and in care of his attorney, Jonathan Van Hoven, Esquire, at One North Charles Street, Baltimore, Maryland.   ECF No. 8-1 ¶ 6(b)-(e); Gov. Ex's 12, 14, 16, 18.[15]   That day, the DEA also sent a wristwatch notice by certified mail, return receipt requested, to Bostic, Prisoner ID No. F10043, Maryland Correctional Adjustment Center, 401 East Madison Street, Baltimore, Maryland ("MCAC").   ECF No. 8-1 ¶ 6(f); Gov. Ex. 20.

On March 16, 2010, someone accepted delivery of the wristwatch notice sent to Bostic's attorney.   Gov. Ex. 19.   On March 22, 2010, a person who signed and printed "James Bostic" in the signature block of the return receipt accepted delivery of the wristwatch notice sent to 4707 Pilgrim Road.   Gov. Ex. 15.   That day, "Karen Gibson" accepted delivery of the wristwatch notice at MCAC.   Gov. Ex. 21.   On March 22, 2010, a person who signed and printed "James Bostic" on the return

---

[15] The wristwatch notice informed Bostic that he had 30 days to request remission or mitigation of the forfeiture, or until April 16, 2010 to file a claim contesting the forfeiture.   *See, e.g.*, Gov. Ex. 12.

receipt accepted delivery of the wristwatch notice at 4707 Pilgrim Road.  Gov. Ex. 15.[16]

On March 29 and April 5 and 12, 2010, the DEA published notice of the wristwatch seizure in *The Wall Street Journal*. ECF No. 8-1 ¶ 6(g); Gov. Ex. 22.  The published notices explained Bostic's right to seek remission or mitigation of the forfeiture or to file a claim by May 13, 2010.  Gov. Ex. 22.

On June 10, 2010, after the time for filing a claim had expired--and no claim was received--the wristwatch was forfeited to the United States under 19 U.S.C. § 1609.  ECF No. 8-1 ¶ 6(h); Gov. Ex. 23.

On September 16, 2013, Bostic filed his complaint for the return of the U.S. Currency, eyeglasses, wristwatch, documents, and wedding band.  ECF No. 1.  On December 17, 2013, the government responded.  ECF No. 8.  On January 2, 2014, Bostic replied.  ECF No. 10.

---

[16] On April 16, 2010, the wristwatch notice sent to 5904 Edna Avenue was returned unclaimed.  Gov. Ex. 13.  There is no evidence in the record that the wristwatch notice sent to 2621 Victorian Drive was received.  *See* Gov. Ex. 17 (copy of the certified mail receipt, but no return receipt).

II.   Analysis

    A.   Property Subject to Forfeiture

       1.   Proper Construction of Bostic's Complaint

Bostic captioned his complaint as a motion under Federal Rule of Criminal Procedure 41(g).  *See* ECF No. 1 at 1.  Under Rule 41(g), a person aggrieved by an unlawful seizure of property may file a motion for its return in the district where the seizure took place.  However, when "the criminal case has closed, and the seized property has long since been declared forfeited to the government," Rule 41(g)[17] is unavailing.  *United States v. Minor*, 228 F.3d 352, 356 (4th Cir. 2000).  In *Minor*, the Fourth Circuit treated the petitioner's motion as a "constitutionally-derived equitable challenge" to the adequacy of notice of an administrative forfeiture.  *Id*. at 357.  After *Minor* was decided, the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C § 983, which governs civil forfeiture

---

[17] Although *Minor* addressed Rule 41(e), in 2002 the Advisory Committee renumbered Rule 41(e) as Rule 41(g) with minor "stylistic [changes] only."  *See* Fed. R. Crim. P. 41, Advisory Committee Notes, 2002 Amendments; *Robinson v. United States*, No. 3:04CR342, 2013 WL 682894, at *2 n.6 (E.D. Va. Feb. 22, 2013).

proceedings, went into effect.  *See* CAFRA, Pub. L. No. 106-185, 114 Stat 202.[18]

Under 18 U.S.C. § 983(e), "the exclusive remedy for seeking to set aside a declaration of forfeiture" is a motion showing that the Government knew or should have known of the moving party's interest in the forfeited property and failed to provide that party with notice.  18 U.S.C. § 983(e)(1),(5) (2012).[19] Accordingly, Bostic's complaint will be construed as a motion to set aside forfeiture under 18 U.S.C. § 983(e).[20]

> 2.   Bostic's Motion

Bostic never alleges that the government failed to provide adequate notice; rather, Bostic states that he believed the property would be returned to him at the close of his criminal case.  ECF No. 1 ¶ 5.  Further, Bostic's reply appears to agree

---

[18] *See also Tillman v. United States*, No. CIV.A.AW-08-3362, 2009 WL 2151201, at *2 (D. Md. July 14, 2009) *aff'd*, 390 F. App'x 224 (4th Cir. 2010)(noting CAFRA's effective date).

[19] The Fourth Circuit's guidance on adequate notice stated in *Minor* applies to motions arising under 18 U.S.C. § 983(e).  *See, e.g., Burman v. United States*, 472 F. Supp. 2d 665, 667 (D. Md. 2007).

[20] *See Burman*, 472 F. Supp. 2d at 666 (construing motion to return property as one under § 983(e)); *United States v. Talouzi*, No. CRIM.A. 3:11-00074, 2012 WL 4514204, at *1 (S.D.W. Va. Oct. 2, 2012)(same); *Muhammad v. United States*, No. 1:08CV256, 2010 WL 582438, at *2 (M.D.N.C. Feb. 12, 2010)(same).

with the government's summary of its efforts to provide notice
about forfeiture of the U.S. Currency and the wristwatch.  *See*
ECF No. 10 ¶ 7 (agreeing with the facts stated in the paragraphs
5-16, 18-26, 29 and 35 of the government's response).[21]
Nonetheless, applying the liberal construction afforded to *pro
se* pleadings,[22] the Court will construe Bostic's motion as
challenging--and, thus, will assess--the adequacy of the
government's notice.

Proceeds or property purchased with the proceeds of drug
offenses are subject to forfeiture.  21 U.S.C. § 881(a)(6).  The
government must initiate administrative forfeiture proceedings[23]
and, within 60 days of the seizure date, give written notice to
interested parties.  18 U.S.C. § 983(a)(1)(A)(i).  The

---

[21] Bostic disagrees, however, that the DEA was responsible for
seizing drugs and U.S. Currency from him in 2005 and appears to
contend that the DEA fraudulently obtained those items.  *See* ECF
No. 10 ¶¶ 7, 10, 12.

[22] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Self-
represented pleadings are held to a less stringent standard than
those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147,
1151 (4th Cir. 1978), and a federal district court is charged
with liberally construing a complaint filed by a *pro se* litigant
to allow the development of a potentially meritorious case,
*Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

[23] Nonjudicial civil forfeiture proceedings are available when
the property is "subject to criminal forfeiture and worth less
than $500,000."  *United States v. Claridy*, 373 F. App'x 417, 418
(4th Cir. 2010); *see also* 19 U.S.C. § 1607(a).

government must also publish notice in a publication of general
circulation.  19 U.S.C. § 1607(a).  After forfeiture proceedings
have been completed, the district court lacks subject matter
jurisdiction over the property with the exception of hearing
challenges to the adequacy of notice.  18 U.S.C. § 983(e)(5);
*Ibarra v. United States*, 120 F.3d 472, 475 & n.4 (4th Cir.
1997); *City of Concord, N.C. v. Robinson*, 914 F. Supp. 2d 696,
705 (M.D.N.C. 2012).

The Court must grant an interested party's motion to set
aside a nonjudicial civil forfeiture if he lacked notice and (1)
"the [g]overnment knew, or reasonably should have known, of the
moving party's interest and failed to take reasonable steps to
provide such party with notice," and (2) "the moving party did
not know or have reason to know of the seizure within sufficient
time to file a timely claim."  18 U.S.C. § 983(e)(1).[24]  Actual
notice is not required;[25] rather, notice must be "reasonably
calculated, under all the circumstances, to apprise interested

---

[24] Any motion granted under § 983(e)(1) is without prejudice to
the right of the government to begin a new forfeiture proceeding
as to the interested person.  *See* 18 U.S.C. § 983(e)(2)(A).

[25] *See Dusenbery v. United States,* 534 U.S. 161, 168-701 (2002).

parties."[26]   The government bears the burden of proving adequate
notice.   *See Dusenbery,* 534 U.S. at 168; *Minor,* 228 F.3d at 358.

Here, within 60 days of seizing the U.S. Currency, the
government sent the $9,320 and $4,095 notices to Bostic's known
address at 5904 Edna Avenue; they were accepted and apparently
signed for by Bostic.   Gov. Ex's 1, 2, 7, 8.   The government is
generally entitled to rely on signed return receipts sent to
known addresses to show that notice had been effective.   *See*
*Lobzun v. United States,* 422 F.3d 503, 505 (7th Cir. 2005)(an
illegible signature on certified mail receipt sent to correct
address satisfied Mullane standard).[27]   Bostic has not disputed
that he signed the return receipts;[28] moreover, the slight risk
that his signature had been forged "did not render the notice
Constitutionally infirm."   *Owens v. United States*, No. 96-CV-

---

[26] *Minor*, 228 F.3d at 358 (*quoting Mullane v. Central Hanover*
*Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed.
865 (1950))(emphasis omitted)).

[27] *See also Mikhaylov v. United States*, 29 F. Supp. 3d 260, 267
(E.D.N.Y. 2014)( "A written notice sent, via certified mail, to
any known addresses, combined with published notices, ordinarily
satisfies the *Mullane* standard."); *Flores v. United States*, No.
1:13CV989, 2015 WL 1977581, at *3 (M.D.N.C. Apr. 30,
2015)(notice adequate when plaintiff accepted and signed for
certified mail).

[28] The record shows that when the notices were sent and received,
Bostic had been released on bail.   ECF No. 1-1 at 1.

5928, 1997 WL 177863, at *3 (E.D.N.Y. Apr. 3, 1997).  Further,

the government published three notices in *The Wall Street*

*Journal*.  Gov. Ex. 5; *see Mikhaylov*, 29 F. Supp. 3d at 267

(notice published in *The Wall Street Journal* met 19 U.S.C.

§ 1607(a) requirements).  Because the mailed and published

notices apprised Bostic of his right to file a claim or petition

for the property, and he did neither within the time allowed,

Bostic's complaint will be dismissed as to the U.S. Currency.[29]

As to the wristwatch, "[p]ublication notice and notice to a

person's residence while he is imprisoned are mere gestures."

*Minor*, 228 F.3d at 358-59)(internal quotation marks and citation

omitted).[30]  Thus, unlike the notices about the forfeiture of the

U.S. Currency, the government could not reasonably rely on

Bostic's apparent signature on the 4707 Pilgrim Road return

receipt because Bostic was then in federal custody.  *See Bostic*,

Criminal Case No. WDQ-09-0333, ECF No. 9 (Feb. 17, 2010 Order of

Detention); Gov. Ex. 14 (wristwatch notice sent Mar. 12, 2010);

---

[29] As the government notes, Bostic's motion for the return of the
U.S. Currency also fails because it was not brought within five
years of "the date of final publication of notice of seizure of
the property."  *See* 18 U.S.C. § 983(e)(3).  Because Bostic's
motion fails on the merits, the Court need not address Bostic's
argument that equitable tolling should apply.

[30] *See also Harris v. Drug Enforcement Admin.*, No. CIV. JFM-00-
3716, 2001 WL 310974, at *2 (D. Md. Mar. 29, 2001) *aff'd*, 32 F.
App'x 111 (4th Cir. 2002).

Gov. Ex. 15 (Mar. 22, 2010 signed return receipt); *Harris*, 2001 WL 310974, at *2 ("Due Process is not satisfied if the DEA sends notice of a forfeiture proceeding to a prisoner's home address if the prisoner is in federal custody.").

Nor has the government shown that the wristwatch notice sent to the prison housing Bostic was adequate.  In this regard, to meet its burden the government must show that

> (1) it "sent a certified letter, return receipt requested, to the facility at which the prisoner was being housed," (2) a prison official signed the return receipt, and (3) mail delivery procedures at that facility were reasonably calculated to ensure that the notice would reach the inmate and would be accepted only where the inmate was actually present.

*United States v. Claridy*, 373 F. App'x 417, 418 (4th Cir. 2010)(*quoting Minor*, 228 F.3d at 358).[31]  Here, the record shows that the first requirement has been met, *see* Gov. Ex's 20, 21; however, the government has offered no proof that the signatory was a prison official or that mail delivery procedures at MCAC were reasonably calculated to ensure that mail reached Bostic. *See Claridy*, 373 F. App'x at 418 (vacating district court's order denying motion for return of property when government had

---

[31] *See also United States v. Hooker*, 93 F. App'x 567, 568 (4th Cir. 2004); *Hamilton v. United States*, No. CIV.A.L-06-991, 2007 WL 5063805, at *2 (D. Md. May 29, 2007).

failed to submit evidence that the third requirement had been met); *Hooker*, 93, F. App'x at 568 (same).

However, notice sent to an attorney representing the plaintiff during the pendency of his criminal proceedings satisfies the government's burden of providing notice "reasonably calculated . . . to apprise interested parties." *Minor*, 228 F.3d at 358; *see Bye v. United States*, 105 F.3d 856, 857 (2d Cir. 1997)(signed returned receipt indicating that notice had been received by the attorney (or an agent thereof) representing the plaintiff in his pending criminal case satisfied due process); *United States v. Allen*, 238 F.3d 415, 2000 WL 1699836, at *1 (4th Cir. 2000) (unpublished)(same).[32]

Here, the record shows that a wristwatch notice was sent to--and received by--someone authorized to receive mail on behalf of Bostic's then-attorney.  *See* Gov. Ex's 17, 18. Further, the government published three notices in *The Wall Street Journal*, which, as noted above, satisfies the publication requirement.  Gov. Ex. 22; *see Mikhaylov*, 29 F. Supp. 3d at 267. Because the mailed and published notices apprised Bostic of his

---

[32] *See also United States v. Talouzi*, No. CRIM.A. 3:11-00074, 2012 WL 4514204, at *3 (S.D.W. Va. Oct. 2, 2012)(notice to an attorney was sufficient).  *Cf. United States v. Goodman*, 34 F. App'x 137, 138 (4th Cir. 2002)(notice sent to an attorney after criminal proceedings had concluded was insufficient).

right to file a claim or petition for the property, and he did
neither within the time allowed, Bostic's complaint will be
dismissed as to the wristwatch.

    B.   Other Property

    Bostic also seeks the return of eyeglasses, a wedding band,
and documents allegedly seized in 2010.  ECF No. 1 ¶ 5.   The
government contends that those items were never referred to the
DEA or other federal agency for forfeiture, and, thus, that the
Court lacks jurisdiction over them.  ECF No. 8 ¶¶ 28, 36.

    Rule 41(g) motions are appropriate vehicles for seeking the
return of property for which the government never instituted
forfeiture proceedings even after criminal proceedings have
closed.  *See Minor*, 228 F.3d at 356 n.3 (*citing United States v.
Garcia*, 65 F.3d 17, 20 (4th Cir. 1995).  Such a motion is
treated as a civil action,[33] and is subject to a six-year statute

---

[33] *See United States v. Jones*, 215 F.3d 467, 469 (4th Cir. 2000)
("Rule 41[(g)] motions are civil insofar as they do not involve
the punishment of crime but rather seek property or money from
the government."); *see also Soviero v. United States*, 967 F.2d
791, 792-93 (2d Cir. 1992)("Where criminal proceedings are no
longer pending against the defendant such motion is treated as a
civil equitable proceeding even if styled as being pursuant to
Fed. R. Crim. P. 41[(g)]"); *United States v. Worley*, No. 4:05-
CR-309 CAS, 2009 WL 3712061, at *1 (E.D. Mo. Nov. 5, 2009)
("Postconviction filings for the return of property seized in
connection with a criminal case are treated as civil equitable
actions, and the district court where the claimant was tried has

of limitations, *see* 28 U.S.C. § 2401(a)(2012)(providing for a six-year statute of limitations for civil actions against the United States).[34]  However, Rule 41(g) presupposes that the property sought to be returned is in the possession of the government and that it is empowered to return the property.  *See United States v. Marshall,* 338 F.3d 990, 995 (9th Cir. 2003) (relief under Rule 41(g) is appropriate only if the United States possesses the property).[35]  A Rule 41(g) motion may be granted when "the government no longer needs the seized property as evidence, the property is not subject to forfeiture, and the defendant is entitled to lawful possession of the property." *United States v. Jones* ("*Jones II*"), 42 F. Supp. 2d 618, 620 (W.D.N.C. 1999).  Because "a criminal defendant is presumed to

---

subject matter jurisdiction, ancillary to its criminal jurisdiction, to hear the equitable matter.").

[34] *See also Minor*, 228 F.3d at 359; *United States v. Jones* ("*Jones I*"), 42 F. Supp. 2d 615, 617 (W.D.N.C. 1999) (applying the six-year statute of limitations in 28 U.S.C. § 2401 to a Rule 41 motion for the return of property).

[35] *See also United States v. Solis,* 108 F.3d 722, 723 (7th Cir. 1997); *Robinson v. United States*, No. 3:04CR342, 2013 WL 682894, at *3 (E.D. Va. Feb. 22, 2013)("A court may summarily dismiss a Rule 41(g) motion for lack of jurisdiction where '[t]here is no evidence of record to show that the property in question was ever in the possession of the federal government.'")(*quoting United States v. Obi,* 100 F. App'x 498, 499 (6th Cir. 2004) (dismissing motion for return of property where inmate "failed to carry his burden of showing real or constructive possession of the property by the federal government")).

have the right to the return of his property," the government bears the burden of showing "that it has a legitimate reason to retain the property." *Id.* (*quoting United States v. Van Cauwenberghe,* 934 F.2d 1048, 1061 (9th Cir. 1991)).

Bostic has not shown that the government possesses the eyeglasses or wedding band.  Bostic contends that video surveillance of the February 2, 2010 hotel drug deal "will show" him wearing the eyeglasses, and that a review of his "precessing (*sic*) Photograph" will show him without the eyeglasses.  ECF No. 10 ¶ 11(B).  Assuming, *arguendo,* that is true, it does not follow--and there is no record evidence--that the government had or has the eyeglasses.  Additionally, although Bostic contends that the wedding band had been seized during the February 2, 2010 search of his home, ECF No. 1 ¶ 4, the DEA Receipt supplied by Bostic as evidence of items seized does not list the wedding band, *see* ECF No. 10-2.  Thus, Bostic's complaint will be dismissed as to the eyeglasses and wedding band.  *See Robinson,* 2013 WL 682894, at *3 (summary dismissal proper when there is no evidence the government possessed the items).

However, the DEA Receipt does show that the government seized Bostic's documents.  *See* ECF No. 10-2.  In *Jones I,* after

initially denying a Rule 41 motion as untimely,[36] the Court ordered the government to return personal papers seized during an arrest six years earlier, 42 F. Supp. 2d at 616-17 (Dec. 30, 1998 Order directed the government to return papers seized in April 1992).[37]  Similarly, here, the government will be ordered to show cause why Bostic's documents should not be returned to him.[38]  Accordingly, the Court will reserve consideration of Bostic's claim as to the documents pending supplemental briefing by the government.

---

[36] The Fourth Circuit vacated and remanded that ruling for additional findings about whether the government had been prejudiced by the delay.  *See United States v. Jones*, 155 F.3d 562 (4th Cir. 1998)(unpublished Table Opinion).

[37] The government complied with the Order.  *Jones I*, 42 F. Supp. 2d at 616; *Jones II*, 42 F. Supp. 2d at 619.

[38] See *Mora v. United States*, 955 F.2d 156, 161 (2d Cir. 1992)("[T]he district court should take evidence and make factual findings determining which of the items Mora seeks, if any, are still in the government's possession, and the circumstances of its loss of possession. If the government has Mora's property, it should be returned to him.").  The Court is mindful, however, that it lacks jurisdiction to award damages under Rule 41(g) for property destroyed by the government.  *See United States v. Jones*, 225 F.3d 468, 470 (4th Cir. 2000); *Hill v. United States*, No. 1:12CV92, 2012 WL 7801142, at *3 (N.D.W. Va. Nov. 20, 2012) *report and recommendation adopted*, No. 1:12CV92, 2013 WL 1192312 (N.D.W. Va. Mar. 22, 2013)("Federal Rule of Criminal Procedure 41(g) lacks that express waiver of immunity" required to award monetary damages for destroyed property).

III. Conclusion

For the reasons stated above, Bostic's complaint will be dismissed as to the U.S. Currency, wristwatch, eyeglasses, and wedding band.  The Court will resolve the documents claim after supplemental briefing from the government.


_7/14/15_____

Date

_____

William D. Quarles, Jr.
United States District Judge